IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

RYAN P. DENNEY
c/o PROJECT DEVELOPMENTS,

        Plaintiff,

v.                              Case No. 3:22-cv-00273

WRZZ c/o IHEART RADIO,

        Defendant.

**PROPOSED FINDINGS AND RECOMMENDATIONS**

Plaintiff filed this *pro se* civil action on June 28, 2022, seeking reimbursement for electronic sound equipment that the defendant allegedly took from Plaintiff. (ECF No. 1 at 4). This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and is referred to the undersigned United States Magistrate Judge for pretrial management and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth herein, the undersigned **FINDS** that this Court lacks subject matter jurisdiction over the claim asserted and therefore **RECOMMENDS** that the complaint, (ECF No. 1), be **DISMSSED** and Plaintiff's Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 3), be **DENIED**, as moot.

I.    **Relevant Facts**

Plaintiff alleges that on April 1, 2022, two men claiming to be from a radio station in Parkersburg, West Virginia came to his Kenova, West Virginia residence while he was

at work. (ECF No. 1-1 at 3). The men made contact with Plaintiff's mother, who was at the residence, and told her they were there to collect radio equipment that belonged to the station and had been mistakenly given to her son by Federal Express. (ECF No. 1-1 at 3). The men also stated that they had spoken with Plaintiff, and he was aware the equipment was going to be retrieved by them. (*Id.*). Plaintiff's mother allowed the men into the residence, and they removed the equipment valued at between $50,000 to $56,000. (*Id.*). Plaintiff denies knowing the identity of the men, or giving them permission to remove the equipment, which he had purchased for $500 in Huntington, West Virginia. (*Id.*). Plaintiff claims, without any factual support, that the unknown men who took the equipment were "station employees." (*Id.*). He demands $50,000-$100,000 in compensatory damages and $50,000 in punitive damages. (ECF No. 1 at 4-5). Plaintiff lists his permanent residence address as Kenova, West Virginia, and the defendant's address as #5 Rosemar Circle, Parkersburg, West Virginia.

## II. Standard of Review

Pursuant to the provisions of 28 U.S.C. § 1915(e)(2), the court must screen each case in which an individual seeks to proceed *in forma pauperis* (without prepayment of fees and costs). The court must dismiss the case, or any part of it, if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915.

A "frivolous" case has been defined as one which lacks "an arguable basis either in law or fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A case lacks an arguable basis in law when it relies upon an indisputably meritless legal theory, *Denton v. Hernandez,* 504 U.S. 25, 31-32 (1992); *Anders v. California*, 386 U.S. 738, 744 (1967). A case lacks an

arguable basis in fact when the supporting allegations describe "fantastic or delusional scenarios." *Neitzke,* 490 U.S. at 328. Similarly, a complaint fails to state a compensable claim when, upon viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007).

The court is required to liberally construe *pro se* complaints, such as the one filed in this civil action. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). However, even under this less stringent standard, the complaint still must contain sufficient factual allegations to support a valid legal cause of action. The court may not rewrite the pleading to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), develop the plaintiff's legal theories for him, *Small v. Endicott,* 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.   Discussion

"Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.,* 475 U.S. 534, 541 (1986). "Subject-matter jurisdiction cannot be conferred by the parties, nor can a defect in subject-matter jurisdiction be waived by the parties." *Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004) (citing *United States v. Cotton,* 535 U.S. 625, 630 (2002)). Plaintiff bears the burden of establishing the Court's subject matter jurisdiction. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999).

As part of its initial screening, this Court may determine whether it has subject matter jurisdiction over the claims asserted by Plaintiff. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) ("Determining the question of subject matter jurisdiction at the outset of the litigation is often the most efficient procedure."). The Court should *sua sponte* dismiss a case when subject matter jurisdiction is lacking. *Davis v. Pak,* 856 F.2d 648, 650 (4th Cir. 1988) ("It is always incumbent upon a federal court to evaluate its jurisdiction *sua sponte,* to ensure that it does not decide controversies beyond its authority.").

There is no presumption that a federal district court has subject matter jurisdiction over a dispute. *Pinkley, Inc. v. City of Frederick, MD.*, 191 F.3d 394, 399 (4th Cir. 1999). Instead, the existence of jurisdiction depends upon the allegations contained in the complaint. *Id.* (citing *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178 (1936)) (holding "the party who seeks the exercise of jurisdiction in his favor ... must allege in his pleadings the facts essential to show jurisdiction"). The mere assertion of a federal claim is insufficient to establish subject matter jurisdiction. *Davis,* 856 F.2d at 650.

Subject matter jurisdiction in the United States District Courts exists in one of two circumstances: (1) when a "federal question" is presented, or (2) when there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332. If jurisdiction is premised upon on a federal question, the plaintiff must "assert a *substantial* federal claim." *Lovern,* 190 F.3d at 654 (quoting *Davis,* 856 U.S. at 650). The "doctrine of substantiality is especially important where a wholly frivolous federal claim serves as a pretext to allow a state-law issue, the real focus of the claim, to be litigated in the federal system." *Id.* at 655 (citing *Davis,* 856 U.S. at 651).

Here, Plaintiff does not state the basis of subject jurisdiction in this Court. He offers no underlying federal statute or constitutional provision that confers subject matter jurisdiction in federal court, "nor is any type of federal question jurisdiction otherwise evident from the face of the complaint." *Powell v. Cape Fear Valley Hosp.*, No. 5:14-CV-160-BO, 2014 WL 2505646, at *2 (E.D.N.C. June 3, 2014). Given that Plaintiff's complaint does not raise a federal question, this Court's jurisdiction over the complaint is only proper "if the amount in controversy exceeds $75,000 and there is complete diversity of citizenship, pursuant to 28 U.S.C. § 1332." *Shelton v. Crookshank*, No. 3:17-CV-108, 2018 WL 527423, at *2 (N.D.W. Va. Jan. 24, 2018), *aff'd as modified,* 742 F. App'x 782 (4th Cir. 2018). Complete diversity of citizenship means that there is no plaintiff and no defendant in the case who are citizens of the same State. In a case with one plaintiff and more than one defendant, the presence of a single defendant from the same State as the plaintiff "deprives the district court of original diversity jurisdiction over the entire action." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553, (2005) (citations omitted).

In the complaint, Plaintiff indicates that he is a resident of Kenova, West Virginia currently incarcerated at the Western Regional Jail and Correctional Facility in Barboursville, West Virginia. He states that Defendant is a radio station located in Parkersburg, West Virginia. Plaintiff provides no other information to suggest that complete diversity of citizenship exists in this case. Consequently, the undersigned **FINDS**, that in the absence of a federal question or diversity of citizenship, this Court lacks subject matter jurisdiction over the complaint, and it should be dismissed. Plaintiff is advised that he may consider bringing his claim in the appropriate State circuit court,

as a State of West Virginia court likely has jurisdiction over the subject matter of in his complaint.

## IV. **Proposal and Recommendations**

For the reasons set forth above, the undersigned respectfully **PROPOSES** that the presiding District Judge accept and adopt the findings herein and **RECOMMENDS** that Plaintiff's Complaint, (ECF No. 1), be **DISMISSED** for lack of subject matter jurisdiction; his Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 3), be **DENIED**, as moot; and this action be **REMOVED** from the docket of the court.

Plaintiff is notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Federal Rules of Civil Procedure 6(d) and 72(b), Plaintiff shall have fourteen days (for filing of objections) plus an additional three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Chambers

and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Plaintiff.

**FILED:** July 5, 2022

_____
Cheryl A. Eifert
United States Magistrate Judge